SM

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RECEIVED

MAR 17 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Mattie Twynette Lomax
_____
_____ ,

**Plaintiff(s),**

vs.

Aswin Patel, Binta Patel/Brown Bear
_____
Holding 77 and Kettle & Oak
_____ ,

**Defendant(s).**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.**

1:22-cv-01405
Judge Sharon Johnson Coleman
Magistrate Judge Jeffrey Cummings
RANDOM

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.  Plaintiff's full name is . Mattie Twynette Lomax _____ .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.  Defendant, _Awin Patel, Binta Patel/ D/B/A/ Brown Bear Holding 77 and Kettle & Oak_ , is
                        (name, badge number if known)

☐ an officer or official employed by _____ ;
                        (department or agency of government)

_____ or

☑ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named*
*defendant and complete the information for each additional defendant on an extra sheet.*

5.  The municipality, township or county under whose authority defendant officer or official

    acted is _42 U.S.C. 1981, 1982, United States Tort Law_ . As to plaintiff's federal

    constitutional claims, the municipality, township or county is a defendant only if

    custom or policy allegations are made at paragraph 7 below.

6.  On or about _12/27/2019_ , at approximately _9:00_ ☐ a.m. ☐ p.m.
                    (month,day, year)
    plaintiff was present in the municipality (or unincorporated area) of _Cook_

    _County_ , in the County of _the United_ ,

    State of Illinois, at _7733 S. Kingston Ave., Apt 2_ ,
                    (identify location as precisely as possible)

    when defendant violated plaintiff's civil rights as follows *(Place X in each box that*
    *applies)*:

    ☐       arrested or seized plaintiff without probable cause to believe that plaintiff had
            committed, was committing or was about to commit a crime;
    ☐       searched plaintiff or his property without a warrant and without reasonable cause;
    ☐       used excessive force upon plaintiff;
    ☒       failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
            one or more other defendants;
    ☐       failed to provide plaintiff with needed medical care;
    ☒       conspired together to violate one or more of plaintiff's civil rights;
    ☐       Other: _____

            _____

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____.

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: (*Leave blank if no custom or policy is alleged*): plaintiff injured by a defendant's wrongful act may file a tort lawsuit to recover money from that defendant. Patel and Kettle & Oak. a person who negligently causes a action may be liable to the victim of that act. There are two function, deterring people from injurig and compesation those injured.

8. Plaintiff was charged with one or more crimes, specifically:

_____

_____

_____

_____

_____

9. (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*) The criminal proceedings

☐  are still pending.

☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐  Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows_____

_____.

☐  Other: _____.

_____

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10.    Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

Fair housing act protects people from discrimination when they are renting or

buying a home or seeking housing assistance, or engaging in other housing related

activities. Civil rights obligations of publicentities and recipients of Federal

Financial assistance. Federal laws protet applicants, beneficiaries, participants,

and other individuals from discrimination in programs or activities administered

by state and local government agencies and recipients of federal financial assist,

include residents or applicants of public housing, affordable housing, and voucher

programs: participants in HUD funded substance abuse or other treatment programs.

Aggrieved person, includes any person who claims to have been injured by a

discriminatory housing practice or believes tha is about to occur. Under every

state's laws, a landlord has certain duties to residetial tenants, including the duty

to provide a habitable living space and the duty to permit the tenant to use the

property without interference, When the landlord breaches these duties.          .

11.    Defendant acted knowingly, intentionally, willfully and maliciously.

12.    As a result of defendant's conduct, plaintiff was injured as follows:

The tort of intentional infliction of emotional distress has four elements, 1. the

defendant must act intentionally or recklessly, 2. the defendant's conduct must

be extreme and outrageus, and 3. the conduct must be the cause, 4. of severe

emotional distress.          .

13.    Plaintiff asks that the case be tried by a jury.  ☑ Yes        ☐ No

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14.    Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.


**WHEREFORE,** plaintiff asks for the following relief:

A.    Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant;

B.    ☑ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and any other compensate that this court graint.

C.    Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Mattie Twynette Lomax_

Plaintiff's name *(print clearly or type)*:  Mattie Twynette Lomax

Plaintiff's mailing address: P.O. Box 198366

City  Chicago                                    State  IL            ZIP    60619

Plaintiff's telephone number: (773  )  412-9187                        .

Plaintiff's email address *(if you prefer to be contacted by email)*: akalomax@gmail.com

_____

15. Plaintiff has previously filed a case in this district. ☐ Yes ☑ No

**If yes, please list the cases below.**


*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

EXHIBITS

# EXHIBITS OF COURT ORDERS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MATTIE LOMAX, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 2020 M1 100188 |
| ASWIN PATEL, BINTA PATEL/D/B/W/ | ) Transferred to Law Division |
| BROWN BEAR HOLDING 77, | ) |
| | ) Hon. James E. Snyder |
| Defendants. | ) |

### Order of the Court

The Court has received documents filed by the Plaintiff which appear to be a motion to continue the upcoming court appearance date. This communication was sent to the Court via email without communication to the other parties in the case. The pleading is stricken.

The Court has advised the parties in the past that it will not consider email communication or any communication which is does not include parties. The Court has advised the Plaintiff herself of this.

The Court recognizes that remote proceeding procedures can be difficult to understand and is able to provide reasonable assistance to parties so that they may be heard.

### IT IS HEREBY ORDERED THAT:

1) The teleconference set for December 3, 2020 at 11:00am is hereby stricken.

2) Defendants' Motion to Dismiss is entered and continued to January 7, 2021, at 11:00am via teleconference at 312-603-2663; access code – 192864#.

All counsel of record or self-represented parties shall be included on any email communication with the Court Coordinator Patricia Wisniewski patricia.wisniewski@cookcountyil.gov or Law Clerk, Jonathon Dotson, jonathon.dotson@cookcountyil.gov.

Enter:

NOV 30 2020

_Snyder_ /jd

Judge James E. Snyder - 1970



Nov 10, 2020

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MATTIE LOMAX,                            )
                        Plaintiff,       )
    v.                                   )
                                         )    Case No.: 2020 1100188
ASWIN PATEL, BINTA PATEL/D/B/W/          )    Transferred to Law Division
BROWN BEAR HOLDING 77,                   )
                                         )
                        Defendants.      )    Hon. James E. Snyder
                                         )

### ORDER

This cause coming to be heard on the motion of Defendants Aswin Patel, Binta Patel/D/B/W/ Brown Bear Holding 77, for substitution of counsel, due notice having been given to all parties and the Court fully advised in the premises:

### IT IS HEREBY ORDERED THAT:

1)    The law firm of Law Office of Starr, Bejgiert, Zink & Rowells is granted leave to withdraw as attorneys of record for Defendants Aswin Patel, Binta Patel/D/B/W/ Brown Bear Holding 77;

2)    O'Halloran, Kosoff, Geitner & Cook, LLC, #11936, is granted leave to substitute and appear as attorneys of record for Defendants Aswin Patel, Binta Patel/D/B/W/ Brown Bear Holding 77;

3)    All pleadings, notices and correspondence directed to the Defendants Aswin Patel, Binta Patel/D/B/W/ Brown Bear Holding 77, shall be sent to the law firm of O'Halloran, Kosoff, Geitner & Cook, LLC, 650 Dundee Road, Suite 475, Northbrook, IL 60062; and

4)    The initial status hearing scheduled for November 10, 2020 at 10:00 a.m. is stricken. The new initial status hearing is set for _____, 2020 at _____ ___.m.

ENTERED BY:

_____
                                              JUDGE

Order Prepared By:
Jeffrey R. Rosenberg, #6243770
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847-291-0200
Fax:   847-291-9230
Email: jrosenberg@okgc.com


PLAINTIFF'S
EXHIBIT
A-71

Nov 30, 2020

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTIE LOMAX,
                   Plaintiff,

     v.

ASWIN PATEL, BINTA PATEL/D/B/W/
BROWN BEAR HOLDING 77,

                 Defendants.

Case No.: 2020 M1 100188
Transferred to Law Division

Hon. James E. Snyder

### Order of the Court

The Court has received documents filed by the Plaintiff which appear to be a motion to continue the upcoming court appearance date. This communication was sent to the Court via email without communication to the other parties in the case. The pleading is stricken.

The Court has advised the parties in the past that it will not consider email communication or any communication which is does not include parties. The Court has advised the Plaintiff herself of this.

The Court recognizes that remote proceeding procedures can be difficult to understand and is able to provide reasonable assistance to parties so that they may be heard.

### IT IS HEREBY ORDERED THAT:

1)     The teleconference set for December 3, 2020 at 11:00am is hereby stricken.

2)     Defendants' Motion to Dismiss is entered and continued to January 7, 2021, at 11:00am via teleconference at 312-603-2663; access code – 192864#.

All counsel of record or self-represented parties shall be included on any email communication with the Court Coordinator Patricia Wisniewski patricia.wisniewski@cookcountyil.gov or Law Clerk, Jonathon Dotson, jonathon.dotson@cookcountyil.gov.

Enter:

ENTERED

NOV 30 2020

JUDGE _Snyder_ /jd

Judge James E. Snyder - 1970

PLAINTIFF'S EXHIBIT A-7

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTIE LOMAX,                     )
              Plaintiff,        )
       v.                           )
                                )     Case No.: 2020 M1 100188
ASWIN PATEL, BINTA PATEL/D/B/W/     )     Transferred to Law Division
BROWN BEAR HOLDING 77,            )
                                )     Hon. James E. Snyder
             Defendants.      )

### ORDER

This cause coming to be heard on Defendants Aswin Patel and Binta Patel/D/B/W/ Brown Bear Holding 77, 2-615 Motion to Dismiss Amended Complaint, all parties appearing by teleconference and the Court being fully advised:

### IT IS HEREBY ORDERED THAT:

1)     Defendants' Motion is entered and continued to December 3, 2020 at 11:00 am via teleconference at 312-603-2663; access code – 192864#.

All counsel of record or self-represented parties shall be included on any email communication with the Court Coordinator Patricia Wisniewski patricia.wisniewski@cookcountyil.gov or Law Clerk, Jonathon Dotson, jonathon.dotson@cookcountyil.gov.

ENTERED BY:

_____ /jd
JUDGE

Order Prepared By:
Jeffrey R. Rosenberg
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847-291-0200
Fax:    847-291-9230
Email: jrosenberg@okgc.com
Atty No. 11936



Jan 27, 2021

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTIE LOMAX,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )
                                       )      Case No.: 2020 M1 100188
ASWIN PATEL, BINTA PATEL/D/B/W/        )      Transferred to Law Division
BROWN BEAR HOLDING 77,                 )
                                       )      Hon. James E. Snyder
                    Defendants.        )

### ORDER

This cause coming to be heard on status, the Court being fully advised:

### IT IS HEREBY ORDERED THAT:

1)      This matter is continued for status to January 29, 2021 at 10:00 am via
        teleconference at:

Teleconference number: 312-603-2663
Access code: 192864#

All counsel of record or self-represented parties shall be included on any email communication
with the Court Coordinator Patricia Wisniewski patricia.wisniewski@cookcountyil.gov or Law
Clerk, Jonathon Dotson, jonathon.dotson@cookcountyil.gov.

## ENTERED

ENTERED BY:        **JAN 27 2021**

                   JUDGE Snyder

_____/jd
                   JUDGE

March 11, 2021

Order Prepared By:
Jeffrey R. Rosenberg
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847-291-0200
Fax:    847-291-9230
Email: jrosenberg@okgc.com
Atty No. 11936



PLAINTIFF'S
EXHIBIT
-97-

extend time

Feb 1, 2021

FILED DATE: 2/10/2021 9:13 AM 20201100188

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTIE LOMAX,                          )
                          Plaintiff,   )
                                       )
        v.                             )
                                       )    Case No.: 2020 M1 100188
ASWIN PATEL, BINTA PATEL/D/B/W/        )    Transferred to Law Division
BROWN BEAR HOLDING 77,                 )
                                       )    Hon. James E. Snyder
                          Defendants.  )

## ORDER

This cause coming to be heard on status, the Court being fully advised:

### IT IS HEREBY ORDERED THAT:

1)      Defendant shall file a Response to Plaintiff's Motion for Leave to Amend Complaint filed on January 25, 2021 on or before February 17, 2021.

2)      This matter is continued for status and hearing on Plaintiff's Motion for Leave to Amend Complaint filed on January 25, 2021 to March 4, 2021 at 11:00 am via teleconference at:

        Teleconference Number: 312-603-2663
        Access code: 192864#

3) All counsel of record or self-represented parties shall be included on any email communication with the Court. Parties must include the following emails on any such communication: patricia.wisniewski@cookcountyil.gov and jonathon.dotson@cookcountyil.gov.

                                  **ENTERED**
        ENTERED BY:               FEB 01 2021
                                  JUDGE Snyder
                                  _____ /jd
                                       JUDGE

Order Prepared By;
Jeffrey R. Rosenberg
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847-291-0200
Fax:    847-291-9230
Email: jrosenberg@okgc.com
Atty No. 11936



PLAINTIFF'S
EXHIBIT
- 98 -

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTIE LOMAX,                          )
                          Plaintiff,   )
                                       )
       v.                              )
                                       )       Case No.: 2020 M1 100188
ASWIN PATEL, BINTA PATEL/D/B/W/        )       Transferred to Law Division
BROWN BEAR HOLDING 77,                 )
                                       )       Hon. James E. Snyder
                          Defendants.  )

## ORDER

This case is before the Court on the Plaintiff's Motion for Leave to Amend and the Defendants' opposition to that motion. The judge has reviewed the motion and the response and has heard oral argument from the Plaintiff and Defendant during a telephone hearing.

A Court may dismiss a case with prejudice pursuant to 773 ILCS 5/2-615 or when it finds that there is no set of facts upon which the Plaintiff may state a cause of action. The pleadings filed by the Plaintiff here do not state a cause of action or describe anything to which the Defendants can reasonably respond.

The Court recognizes that the Plaintiff is self-represented and is proceeding without an attorney and has made reasonable efforts to assist the parties to understand the process and reach resolution on the merits.

The Court also notes that the Plaintiff is not wholly unfamiliar with litigation generally or in this county in particular as she has filed at least six cases in Cook County: Lomax v. Evens, et al, 20 M1 121185; Lomax v. Marketplace Homes, et al, 2019 M1 100536; Lomax v. City of Chicago, 1-18-2132 (1st Dist. 2019); Lomax v. Ivy Park Homes, 2017 L 013207; Lomax v. City of Chicago, 2017 M1 302539.

In an effort to provide reasonable assistance to the parties the Court has attempted to determine what the relief the Plaintiff is seeking and for what reason and has been unsuccessful in that.

IT IS HEREBY ORDERED THAT:

The case is dismissed with prejudice. This is a final order of the Circuit Court.

ENTERED BY:

**ENTERED**

MAR 05 2021

JUDGE _Snyder_ /jd

_____
JUDGE



312-793-5484

No. 1-21-0269

### In the
### Appellate Court of Illinois
### First Judicial District - Fifth Division

| | |
|---|---|
| MATTIE LOMAX, | ) |
| | ) Appeal from the |
| | ) Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 20 M1 100188 |
| | ) |
| ASWIN PATEL, *et al.*, | ) |
| | ) The Hon. Scott McKenna, |
| Defendants-Appellants. | ) Judge Presiding. |

## ORDER

This case comes before the court on plaintiff-appellant's motion.

This court hereby ORDERS:

1.  The plaintiff-appellant is granted leave to file the circuit court record *instanter*.

2.  Since there is no order in place allowing for waiver of electronic filing rules in this matter, all pleadings, notices and correspondence will be sent to the plaintiff-appellant electronically as is the normal practice.

## ORDER ENTERED

MAY 2 6 2021

APPELLATE COURT FIRST DISTRICT

ENTER:

Presiding Justice



*Sept 1, 2021*

No. 1-21-0269

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MATTIE LOMAX, | ) | On appeal from the Circuit Court of Cook County, Illinois |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 20 M1 100188 |
| ASWIN PATEL, *et al.*, | ) | |
| | ) | The Honorable James Snyder, |
| Defendants-Appellees. | ) | Judge Presiding. |

**ORDER**

This case comes before the court on appellees' motion for sanctions. This court hereby **ORDERS:**

1. The motion for sanctions is TAKEN WITH THE CASE.

2. The appellant may respond to the motion for sanctions by filing a response thereto by the established due date (September 7, 2021) or by including the response in the reply brief.

**DATED:** _____

**ORDER ENTERED**

SEP - 1 2021

APPELLATE COURT FIRST DISTRICT

PRESIDING JUSTICE







Dec 28, 2021

CLERK'S OFFICE
APPELLATE COURT FIRST DISTRICT
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

December 28, 2021

RE:   MATTIE LOMAX v. ASWIN PATEL
      General No.: 1-21-0269
      County: Cook County
      Trial Court No: 20M1100188

The enclosed Summary Order in the above cause has been filed this date.

Thomas D. Palella
Clerk of the Appellate Court

c:    Jeffrey R. Rosenberg
      Mattie Lomax

Jan 14, 2022

≈11 ΕΠ-27

2021 IL App (1st) 210269-U

22 JAN 14 PM 12: 43

No. 1-21-0269

Second Division
December 28, 2021

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

|  |  |  |
|---|---|---|
| MATTIE LOMAX, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 20 M 1100188 |
| ASWIN PATEL and BINTA PATEL d/b/a BROWN BEAR HOLDING 77, | ) | |
| Defendants-Appellees. | ) | Honorable James E. Snyder, Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Lavin concurred in the judgment.

**SUMMARY ORDER**

¶ 1    Plaintiff-appellant, Mattie Lomax, appeals *pro se* from the circuit court's dismissal of her complaint against defendants-appellees, Aswin and Binta Patel, doing business as Brown Bear Holding 77. On appeal, plaintiff requests that we vacate the circuit court's judgment, remand the case for a new hearing and "not to have a bench trial," and order the circuit court "not to be prejudiced" against plaintiff for representing herself. Because plaintiff's briefs blatantly fail to comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) such that

No. 1-21-0269

we are precluded from providing meaningful review of the circuit court's judgment, we dismiss this appeal.

¶ 2    As a preliminary matter, we note that plaintiff has only filed the common law record with this court and did not file a report of proceedings or an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Illinois Supreme Court Rule 323. Ill. S. Ct. R. 323 (eff. July 1, 2017); see *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (stating that the burden of providing a sufficient record on appeal rests with the appellant.). As such, we glean the following facts solely from the common law record.

¶ 3    Defendants are the owners of an apartment building located at the 7700 block of South Kingston Avenue in Chicago, Illinois. Plaintiff occupies an apartment in the building as a tenant and participant in the Chicago Housing Authority's (CHA) Housing Choice Voucher Program.

¶ 4    On January 6, 2020, plaintiff filed a *pro se* complaint in the Cook County municipal department, alleging that defendants were conducting prostitution on the property and that the property was not well-maintained. As such, plaintiff requested to be released from her rental lease and sought $3000 in damages.

¶ 5    On August 3, 2020, plaintiff filed a "Motion Amended Complaint/pursuant to 735 ILCS 5/Motion to Transfer Action" (Amended Complaint) in the circuit court. Therein, plaintiff alleged that she had an agreement with defendants, to wit, in exchange for her cleaning services on the property, the security deposit would be waived. At some point, plaintiff requested that defendant terminate her lease because there was "to [*sic*] much prostitution going on his property[.]" Plaintiff alleged that if she left the property without defendant terminating the lease, she would lose her housing voucher. At this time, defendant hired Kettle & Oak to manage his property and plaintiff began to receive e-mails from Kettle & Oak requesting rental payments from her and informing

No. 1-21-0269

her that she would be evicted if she did not pay. On March 20, 2020, plaintiff received a letter from CHA informing her that it had received information regarding multiple lease violations, including non-payment of rent, disruptive behavior, refusing access to the unit for repairs, and the presence of an unauthorized dog in her unit.

¶ 6     Plaintiff leveled seven counts against defendants in her amended complaint.[1] Count I alleged that defendants "cause[d] slander upon [plaintiff] by [r]eporting fabrication to the Section 8 office of her living activity on the property" in violation of the Slander and Libel Act (the Act) (740 ILCS 145 *et. seq.*(West 2020)). Count II alleged that plaintiff filed a motion for transfer of actions because she was now suing defendant for $50,000 under the Act. Count III alleged that defendant reported another "fabrication" to the section 8 office. Count IV alleged that she filed a small claim against defendant because he refused to release her from her rental lease and did not pay her for the work she did on his property. Counts V, VI, and VII simply name various documents that can be found in the attached exhibits; no allegations are contained in these counts.

¶ 7     On October 23, 2020, defendants filed a motion to dismiss the amended complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). Defendants alleged that the amended complaint did not state a cause of action because the Act only applies to false charges of fornication or adultery and false swearing under oath, none of which were alleged in the complaint, and plaintiff further failed to allege damages caused by the slander.

---

[1] There is no order in the record showing that the circuit court granted plaintiff's motion to file an amended complaint; however, on August 11, 2020, the case was transferred to the circuit court's law division based on the amended complaint's request for $50,000 in damages and the court later referred to the amended complaint in its dismissal order.

No. 1-21-0269

¶ 8     On March 5, 2021, the circuit court entered an order, stating that it had heard arguments from the parties via a telephonic hearing and was dismissing plaintiff's complaint with prejudice on the basis that plaintiff did "not state a cause of action or describe anything to which the [d]efendants [could] reasonably respond." The court also found that it was unable to determine what relief plaintiff was seeking. The court further noted that plaintiff was not unfamiliar with litigation as she had previously initiated at least six civil lawsuits in Cook County. This appeal followed.[2]

¶ 9     As an initial matter, we must address plaintiff's failure to comply with several of the requirements of Illinois Supreme Court Rule 341 (Ill. S. Ct. R. 341 (eff. Oct. 1, 2020), which governs the contents of an appellant's brief. In their response brief, defendants request that this court strike plaintiff's brief and dismiss her appeal for failure to comply with Rule 341. For the reasons set forth below, we agree that plaintiff's violations of Rule 341 are so egregious as to warrant dismissal of the appeal.

¶ 10    Plaintiff's *pro se* brief contains multiple procedural deficiencies pursuant to Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) that prevent this court from conducting a meaningful review of her claims of error. "The purpose of the rules is to require parties to present clear and orderly arguments, supported by citations of authority and the record, so that this court can properly ascertain and dispose of the issues involved." *Gruby v. Department of Public Health*, 2015 IL App (2d) 140790, ¶ 12. Notably, plaintiff is proceeding *pro se* and utilized the preprinted

---

[2] We note that, in her *pro se* notice of appeal, plaintiff incorrectly identifies the date of the court's judgment as March 9, 2021. The correct date of the final judgment dismissing plaintiff's complaint is March 5, 2021, a copy of which was attached to plaintiff's notice of appeal. Despite plaintiff's error, the notice of appeal is sufficient to confer jurisdiction on this court where it adequately apprises the court and the opposing party of the nature of the appeal. See *People v. Smith*, 228 Ill. 2d 95, 105 (2008) (a deficient notice of appeal is not fatal where the appellee is not prejudiced and the error is one of form and not substance).

No. 1-21-0269

brief form approved by the Illinois Supreme Court. Nonetheless, the court will not afford *pro se* litigants more lenient treatment than attorneys, and *pro se* litigants are presumed to know the rules and procedures and must comply with them. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Compliance with Rule 341 is mandatory for all litigants, and this court has the discretion to strike plaintiff's brief and dismiss this appeal due to lack of compliance where the procedural violations hinder our review. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 25.

¶ 11    We first note that plaintiff fails to accurately identify the applicable standard of review as is required under Rule 341(h)(3). Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). In appealing from the dismissal of her complaint pursuant to section 2-615, the appropriate standard of review is *de novo*. See *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶¶ 28-29. Instead, she selects, on the preprinted form, all three options for the applicable standard of review—*de novo* review, abuse of discretion, and manifest weight of the evidence—for two of three of her arguments, none of which addresses the section 2-615 dismissal of her complaint.

¶ 12    Additionally, plaintiff's brief is completely devoid of any citations to the record. Rule 341(h)(6) requires that the appellant include a statement of facts with appropriate reference to the pages of the record on appeal, and Rule 341(h)(7) requires the appellant to present reasoned argument and citation to legal authority and to specific portions of the record in support of her claim of error. Ill. S.Ct. R. 341(h) (6), (7) (eff. Oct. 1, 2020). It is not this court's responsibility to search the record and locate facts to support a party's arguments on appeal. *Travaglini v. Ingalls Health System*, 396 Ill. App. 3d 387, 405 (2009). Moreover, without citation to the record, "it is next to impossible for this court to assess whether the facts as presented *** are an accurate and fair portrayal of the events in this case." *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993).

No. 1-21-0269

¶ 13 · However, we may have been able to overlook these errors if we had before us logical and coherent arguments upon which we could conduct a meaningful review. Even though plaintiff utilized the preprinted brief form approved by the Illinois Supreme Court, which provides a step-by-step guide to drafting an appellate brief, we cannot discern the nature of plaintiff's argument regarding the circuit court's error in granting defendants' motion to dismiss. Ill. S.Ct. R. 341(h)(7) (eff. Oct. 1, 2020); see also *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 6 (finding that the plaintiff "failed to provide a cohesive legal argument or a reasoned basis for his contentions). "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56.

¶ 14 Plaintiff's brief and reply brief consist of a rambling, disjointed recitation of various caselaw and legal principles, the relevance of which is unclear to this court. Throughout her arguments, plaintiff references and provides citations for her right to a jury trial, conflicts of interest in the representation of parties, defamation, racial discrimination, statutory interpretation, dismissal under section 2-619, sanctions, and the destruction of evidence. None of this is relative to the circuit court's dismissal order for failure to state a cause of action under section 2-615 or to defendants' response brief, which addresses her failure to comply with Rule 341 and the correctness of the dismissal under section 2-615. See Ill. S. Ct. R. 341(j) (eff. Oct. 1, 2020) (stating that a reply brief is confined strictly to replying to arguments presented in the appellee's brief). In the few instances where plaintiff is not regurgitating seemingly random legal principles, her arguments are incoherent and, thus, nearly impossible to follow. For example, utilizing the preprinted form, plaintiff presents the title of her first argument as follows:

No. 1-21-0269

"The trial court made a mistake by section 2-619(a) motion to dismiss the legal
sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences
therefrom, and asserts an affirmative matter outside the complaint that bars or defeats the
action. *Mazal v. Arias*, 2019 IL App (1st) 190660, Generally, there are three types of
damages in a defamation case: actual damages, assumed damages, punitive damages."

She goes on to explain her first argument, in part, as such:

"Accordingly, because Ms. Lomax was denied her constitutional right to a 12-
person jury, it is clear he was denied a fair trial. This matter must be remanded for a new
trial. *Hana*, 2018 IL App (1st) 162166, §18. See also *Maple v. Gustafson*, 152 Ill. 2d 445,
454 (1992) pursuant to Rule 63(A)(4) (eff. Feb. 2, 2017). The circuit court erred in denying
fundamental fairness as there was no pretrial discovery Failure to honor Plaintiff Demand
for a Jury trial instead conducting his own trial in which was zoom court."

Each of plaintiff's arguments continues in the same manner, jumping from one idea to the next
without tying her arguments to the facts or the proceedings below in any coherent way. Thus, in
our discretion, we find that the harsh sanction of striking plaintiff's briefs and dismissing the appeal
is warranted here because we are simply unable to comprehend the gist of plaintiff's arguments
and how they relate to the proceedings below. See *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77
("This court has the discretion to strike an appellant's brief and dismiss an appeal for failure to
comply with Rule 341.").

¶ 15    As a final note, we address defendants' motion for sanctions pursuant to Illinois Supreme
Court Rule 375(b) (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)), which we have taken for resolution
with the case. The imposition of sanctions on appeal is left entirely to the discretion of the
reviewing court. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 62. In

No. 1-21-0269

their motion, defendants request that, in light of plaintiff's frivolous pleadings and incomprehensible briefs, this court enter an opinion detailing plaintiff's frequent litigation, refer the matter to the executive committee for an administrative order governing plaintiff's future civil appeals, and bar plaintiff from initiating further proceedings in this court unless filed by an attorney. We believe at this juncture that dismissal of plaintiff's *pro se* appeal is a harsh enough result, and we decline to impose further sanctions as requested by defendants. For that reason, defendants' motion is denied.

¶ 16    For the reasons stated, we dismiss plaintiff's appeal in accordance with Illinois Supreme Court Rule 23(c)(2) (eff. Jan. 1, 2021).

¶ 17    Appeal dismissed; motion denied.

Dec. 27, 2019

*Intent to Terminate (ITT) Notice*



**CHA**
CHICAGO HOUSING
AUTHORITY

Para adquirir la versión traducida, por favor comuníquese al 312.913.7062
Vui lòng gọi số 312.913.7062 để có bản dịch
请拨打312.913.7062
W celu otrzymania wersji przetłumaczonej, proszę dzwonić pod numer 312.913.7062
Пожалуйста, позвоните по номеру 312.913.7062, чтобы получить перевод
Mangyaring tumawag sa 312.913.7062 para sa naisaling bersiyon"
Molimo pozovite 312.913.7062 za prevedenu verziju"

برای فون بر 312.913.7062کیلے ورژن شده ترجمه کرم براہ

## INTENT TO TERMINATE — PARTICIPANT

*If you need this document in a different language or LARGER FONT or if you need a reasonable accommodation (persons with disabilities), please call 312-935-2600 or TTY: 312-461-0079. Advance notice of seven days is required in order to arrange for interpreter services.*

**December 27, 2019**

Aswin Patel
P.O. Box 59304
Schaumburg FL 60159

**Voucher #:  t0146990**

Dear Mr. Patel

This letter serves as notice that we are proposing termination of your participation in the Chicago Housing Authority's Housing Choice Voucher Program, effective _____ for violation(s) of the following:

1. Prostitution/ BIG

2. Violence of threat to beat up the participant/

3. Rats

4. Roach

5. Dog poop on the back porch of the participant back door

6. Holes in walls that allow the rats to come from the next door apartment that have been vacate for the pass 7 months

7. Atmosphere Trashy/ beer bottles in front of building,

8. Toilet stopped up, landlord was notified.

9. Ceiling in the kitchen has been undone since October 2019.

10. Landlord has been with the c h a housing for 10 years and his interest is collecting cha Housing checks

11. He shows no interest in the property

12. He does not keep the building clean

*Mattie Toomey (signature)*

PLAINTIFF'S
EXHIBIT
-24-



**CHA**
CHICAGO HOUSING
AUTHORITY

Este documento se puede traducir.
Para adquirir la versión traducida, por favor comuníquese al 312-935-2600

## NOTICE TO VACATE

*If you need this document in a different language or **LARGER FONT** or if you need a reasonable accommodation (persons with disabilities), please call 312-935-2600 or TTY: 312-461-0079. Advance notice of seven days is required in order to arrange for interpreter services.*

Date: 11-26-2020
(Date of Notice)

I, Mattie Lomax _____ hereby give notice to vacate the residence located at:
(Head of Household Name)

Participant Name: Mattie Lomax

Voucher #: _____

Street Address: 7733 S. Kingston Ave Apt. 2.

City, State, ZIP: Chicago, IL 60646

I will return all keys to the Owner/Property Manager and all furniture and personal belongings will be removed from the unit on 12-31-2020
(Move-Out Date)

Please be advised of the following reasons for vacating the residence: Because the owner has prostitution on his property from the upstairs tenants and his keep his property in a unhealthy surrounding. His only interest in collecting rent from the individuals that live on his property

| Participant | Owner/Property Manager (signature preferred, but not required) |
|---|---|
| Print Name: Mattie Lomax | Print Name: Aswin Patel |
| Voucher #: £0146900 | |
| Signature: Mattie Lomax | Signature: |
| Phone #: 773-412-9187 | Phone #: 1-847-924-8420 |

*Participants who want to move must vacate the unit in compliance with the lease, provide the Owner or Property Manager at least 30 days notice and submit a copy of that written notice to CHA. CHA conducts a criminal background check for all household members who are 18 years of age and older prior to approving the issuance of moving papers.*

Rev. 07022013, Eff. 08012013, CHA-0088: Tenant's Notice Intent to Move

**CHA HOUSING CHOICE VOUCHER PROGRAM OFFICE LOCATIONS**

[ ] **Central Office**
60 E. Van Buren Street, Chicago, IL 60605
**CHA Customer Call Center / TTY**
312-935-2600 / 312-461-0079

[ ] **South Office**
10 W. 35th Street, Chicago, IL 60616
**Web**
www.thecha.org/hcv

[ ] **West Office**
2750 W. Roosevelt Road
**Email**
hcv@thecha.org



PLAINTIFF'S EXHIBIT
- 83 -



Dec 02, 2020

**CHA**
CHICAGO HOUSING
AUTHORITY

Este documento se puede traducir.
Para adquirir la versión traducida, por favor comuníquese al 312-935-2600.

61

## REQUEST FOR HOUSING ASSISTANCE PAYMENT RELEASE

*If you need this document in a different language or **LARGER FONT** or if you need a reasonable accommodation (persons with disabilities), please call 312-935-2600 or TTY: 312-461-0079. Advance notice of seven days is required in order to arrange for interpreter services.*

**Participant Information:**

Participant Name: **Mattie Lomax**          Voucher #: **t0146990**

Address: **7733 S. Kingston Ave Apt 2**

City: **Chicago**          State: **IL**          ZIP Code: **60649**

Phone Number: **773-412-9187**     Email Address: **akalomax@gmail.com**

**I certify that I still reside in my CHA subsidized unit as of today's date. Please release payment to the property owner/manager for the month of:**

12/01/2020 for $799.00

*(Payment Month)*

**Note:**
- *Payment will only be released for the month listed above. A separate form must be submitted for each month for which payment is requested.*
- *Forms will not be accepted prior to the first of the month for which payment is requested.*

*Mattie Lomax*                                     **12/02/2020**
Head of Household Signature                          Date

**Fraud and False Statements:** Title 18, Section 1001 of the U.S. Code states that a person who knowingly and willingly makes false and fraudulent statements to any department or employee of the United States Government, HUD, or a Public Housing Authority may be subject to penalties that include fines and/or imprisonment.



PLAINTIFF'S
EXHIBIT
- 85-

Rev. 05312019, Eff. 06032019, CHA-0250: Request for HAP Release

---

**CHA Customer Call Center / TTY: 312-935-2600 / 312-461-0079 • hcv@thecha.org • www.thecha.org/hcv**

2/1/2021                                                Gmail - (no subject)                                    *Dec 18, 2020*

  **Gmail**                              Stop By Mattie's House <akalomax@gmail.com>

*See attach buisness c.*
*card From Twain*
*Young*

**(no subject)**
3 messages

**Stop By Mattie's House** <akalomax@gmail.com>                                   Fri, Dec 18, 2020 at 8:05 PM
To: Jeff Rosenberg <JRosenberg@okgc.com>

Hi, Attorney,

  This email is to inform you that Mr. Patel sent his management company / Kettle & Oak
(See his business card) to my apartment yesterday because they say that the downstairs
tenants had a leak coming from my bathroom and need to come in to check the Issues/ so I
did. The guy came back and asked me if he could put some silicone around the bathroom tub
so I agreed and he stated not to use the shower for 24 hours/ so I did.

  So this evening I decided to take a bath. When I turned the water on, there was no water. I
called Twain Young, who works for Kettle & Oak, stated that there was a flood in the
basement and that's why the hot water heater went off, but did not check the water heater
before he left.

  And I will let the Judge know on December 18, 2020 Mattie Lomax has no hot water after
Lomax let Kettle & Oak into her apartment/ this is a violation.

  I will be moving out on December 29, 2020 but in the meantime I need hot water in which
I have paid the full rent amount for December, 2020/

Mattie Lomax

  📄 Scan_0479.pdf
     98K

**Stop By Mattie's House** <akalomax@gmail.com>                                   Fri, Dec 18, 2020 at 8:06 PM
To: Kettle & Oak <kettleandoak@gmail.com>

[Quoted text hidden]

  📄 Scan_0479.pdf
     98K



**Stop By Mattie's House** <akalomax@gmail.com>                                   Fri, Dec 18, 2020 at 8:06 PM
To: aswin patel <aswinpatel@gmail.com>

[Quoted text hidden]

  📄 Scan_0479.pdf

 **Gmail**

Stop By Mattie's House <akalomax@gmail.com>

---

## Merry Christmas and Happy Holidays from Kettle & Oak
2 messages

**Kettle & Oak** <office@kettleandoak.com>          Wed, Dec 23, 2020 at 9:42 AM
Reply-To: office@kettleandoak.com
To: akalomax@gmail.com



MERRY
*Christmas!*

## AND HAPPY HOLIDAYS!

May your days be filled with peace, hope,
and joy this holiday season.

As always, thank you for your
loyalty, and support.

Our office will be closed on December 25 and 26
and on Jan 1, 2021 for the holidays.

SINCERELY,
ALL OF US AT KETTLE & OAK

*We are a Proptech (property + tech) startup connecting governments,
investors, and families via technology and data to create effective
housing solutions and reduce homelessness*

*We are Section 8 and HUD Affordable Housing experts and a*
*Chicago Housing Authority (CHA) vendor.*

PLAINTIFF'S
EXHIBIT
- 89 -

1/25/2021

Gmail - Lights out and heat

*Dec 30, 2020*

 Gmail

Stop By Mattie's House <akalomax@gmail.com>

## Lights out and heat
1 message

Stop By Mattie's House <akalomax@gmail.com>
To: aswin patel <aswinpatel@gmail.com>

Wed, Dec 30, 2020 at 11:55 AM

You do not have heat over here


PLAINTIFF'S
EXHIBIT
— 90 —

FILED DATE: 1/25/2021 8:02 PM  2020L100188

Dec 30, 2020

1/25/2021

Gmail - Dog not on leach

 Gmail

Stop By Mattie's House <akalomax@gmall.com>

## Dog not on leach
1 message

**Stop By Mattie's House <akalomax@gmail.com>**
To: aswin patel <aswinpatel@gmail.com>

Wed, Dec 30, 2020 at 12:17 PM

I am moving out now/ tell you girls to put their dog on a leach and the heat is of I call kettle and he is a start ask and I will
be reporting this act to the court Mattie

FILED DATE: 1/25/2021 8:02 PM 20201100188



PLAINTIFF'S
EXHIBIT
- 91 -

Gmail - Merry Christmas and Happy Holidays from Kettle & Oak

Dec 30, 2020



Kettle & Oak | 1212 S Naper Blvd, Ste 119-352, Naperville, IL 60540

Unsubscribe akalomax@gmail.com

About our service provider

Sent by office@kettleandoak.com

---

**Stop By Mattie's House** <akalomax@gmail.com>
To: office@kettleandoak.com

**Wed, Dec 30, 2020 at 12:23 PM**

I have no heat or lights send someone quickly/ Mattie 7733 s Kingston ave apt 2 Mattie
[Quoted text hidden]



PLAINTIFF'S
EXHIBIT
- 92 -

Gmail - Lights out and heat

*Dec 30 2020*

 Gmail          Stop By Mattie's House <akalomax@gmail.com>

## Lights out and heat
1 message

**Stop By Mattie's House** <akalomax@gmail.com>      Wed, Dec 30, 2020 at 11:55 AM
To: aswin patel <aswinpatel@gmail.com>

You do not have heat over here



PLAINTIFF'S
EXHIBIT
- 93 -



Dec 30, 2020

Dec. 30, 2020
Sent to Kettle & Oak

In:sent

Click   Archive   Spam   Delete   Mark as unread   Snooze

**Compose**

Inbox          3,562
Starred
Snoozed
Important
Chats
Sent
Drafts          245
All Mail
Spam           3,762
Trash
Categories

Meet

New meeting
Join a meeting

Hangouts

Stop By Mattie's

Make a phone call

**Stop By Mattie's House** <akalomax@gmail.com>
to office

I have no heat or lights send someone quickly/ Mattie 7733 s Kingston a

Reply          Forward



PLAINTIFF'S
EXHIBIT
— 96 —

# MATTIE'S CLEANING SERVICES



Specialize in Cleaning/

Houses

Condominiums

Apartments

Townhomes

Offices

Or what you need to be clean.

Must have your own cleaning solution,
vacuum cleaner, mops and brooms of your choice

Call

Mattie Lomax/

Line # 773-437-4204 If No Answer Leave Message

Cell # 773-494-5245

$20.OO hour.



PLAINTIFF'S EXHIBIT
102

Zm Omm I Ex...

Okay, thank you

Wednesday, Aug 31 - 6:52 AM

The grass need to be
Cut in the front yard.

Wednesday, Aug 31 - 6:56 PM

Do we have grass?

Wednesday, Aug 14 · 9:12 AM

Z

Do we have grass?

Sunday, Aug 18 · 1:34 AM

Yes and the out side lights are out again.

Aug 18, 1:34 AM · SMS

Thursday, Aug 22 · 9:56 AM

When are you going to to get the front grass c

PLAINTIFF'S EXHIBIT
-104-

Thursday, Aug 22 · 3:16 PM

The grass in the front

Thursday, Aug 22 · 6:39 PM

The person upstairs just Knock on my door saying that there lights are out and if I had a key/ I said that I just clean up around here

PLAINTIFF'S EXHIBIT
- 105 -

tomorrow

2/2 . Thanks for reminding.

Z

Ok

Wednesday, Aug 28 · 3:55 AM

Friday, Sep 6 · 9:14 AM

The hallway and the outside lights are still out/ please fix / it is not safe with out them on.



Stop working of Ceilng

PLAINTIFF'S
EXHIBIT
exhibitsticker.com

PLAINTIFF'S
EXHIBIT
exhibitsticker.com
-108-



PLAINTIFF'S
EXHIBIT
-109-



PLAINTIFF'S
EXHIBIT
110



PLAINTIFF'S
EXHIBIT
111



PLAINTIFF'S
EXHIBIT
-112-



PLAINTIFF'S
EXHIBIT
-113-



PLAINTIFF'S
EXHIBIT
- 114 -

FPD'1-550



PLAINTIFF'S
EXHIBIT
-115-



PLAINTIFF'S
EXHIBIT
-116-



PLAINTIFF'S
EXHIBIT
-117-



PLAINTIFF'S
EXHIBIT
tabbies
-118-



PLAINTIFF'S
EXHIBIT
-119-



PLAINTIFF'S
EXHIBIT
- 120 -



PLAINTIFF'S
EXHIBIT
-121-



She received her
New Toilet on May 20
and told Mr. Randall

PLAINTIFF'S
EXHIBIT
-122-



PLAINTIFF'S
EXHIBIT
-123-



PLAINTIFF'S
EXHIBIT
-124-